IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kijanai Thomas, | ) | Case No.: 6:23-cv-05842-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Order and Opinion** |
| Credit Acceptance Corp., Autorama Inc.; | ) | |
| Carolina Pro Recovery, LLC; Dezba Asset | ) | |
| Recovery, Inc.; J.M. Tankersley; E.R. Long; | ) | |
| J.S. Blevins, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation (DE 22) ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 22.)  Also before the Court is Plaintiff Kijanai Thomas's objections to the Report (DE 24), and her "Motion For Leave to File Amended Complaint" (DE 25).  Because Plaintiff has moved to amend her complaint, which the Court intends to grant (with instructions), the Court rejects the Magistrate Judge's Report as moot.

---

[1] The Report has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background relating to Plaintiff's objections and motion to amend.[2]

In March 2019, Plaintiff entered an agreement with Defendant Autorama, Inc. to purchase a 2016 Honda Accord. (DE 1, p. 3; *see* DE 25-1, p. 25-1.) At the suggestion of Defendant Autorama, Plaintiff elected to finance the vehicle with Defendant Credit Acceptance Corp. (DE 25-1, p. 4.)

Sometime thereafter, Plaintiff "fell behind on the payments" for the Accord. (*Id.*, p. 5.) On March 20, 2023, Defendant Carolina Pro Recovery repossessed the vehicle. (*Id.*) Following the repossession, Plaintiff was sent notices that she continued to owe money under the contract. (*See Id.*, p. 7.) Sometime thereafter, Plaintiff apparently reacquired the Accord, because on June 5, 2023, it was repossessed again, this time while Plaintiff "was visiting her family in New York . . . ." (*Id.*, p. 6.) Plaintiff reported the vehicle stolen to New York authorities. (DE 25, p. 6.)

Plaintiff reacquired the vehicle again because on September 20, 2023, in South Carolina, Plaintiff was notified that "someone is breaking into your car and carrying it away." (*Id.*, p. 7.) Plaintiff then "r[a]n to the car that fell off" Defendant Carolina Pro Recovery's "towing truck to retrieve her vehicle . . . ." (*Id.*) After Plaintiff refused to leave the scene of the repossession, Defendant-Officers Tankersley, Long, and Blevins were called. (*Id.*, p. 8.) Defendants completed the repossession thereafter. (*Id.*, p. 9.)

---

[2] The Court takes all Plaintiff's factual assertions as true, as required by a screening under the *in forma pauperis* statute. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

2

On November 15, 2023, Plaintiff, proceeding *in forma pauperis*, commenced this action. (DE 1; DE 2; DE 9; DE 13.) While this lawsuit was pending, Plaintiff apparently reacquired the vehicle once again, and on February 7, 2024, it was repossessed. (DE 25-1, p. 10.)

On February 14, 2024, the Magistrate Judge issued his Report, in which he recommended that all of Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted and, at least in part, for frivolousness. (DE 22, pp. 2, 10.)

On February 28, 2024, Plaintiff objected to the Report (DE 24) and moved to amend her complaint under Rule 15(a) of the Federal Rules of Civil Procedure. (DE 25.)

## DISCUSSION

**A.    Plaintiff's Objections**

Plaintiff timely objected to the Report. *See* 28 U.S.C. § 636(b)(1). Her objections are that the Report failed:

1. to apply the "discovery rule" in concluding Plaintiff's Truth-In-Lending-Act ("TILA") claims were time-barred (DE 24, p. 2);[3]

2. to discern that Plaintiff's contract for the Accord was "void ab initio" because of Defendants' "fraud" (*Id.*, pp. 2–4); and

3. to appreciate that Defendant Credit Acceptance is a finance company and, thus, is subject to the Fair Debt Collection Practices Act (*Id.*, p. 4).

Plaintiff also offers several vague objections to the Magistrate Judge's conclusions, including that Plaintiff failed to show "discrimination" on the part of Defendants Autorama and Credit Acceptance. (*Id.*, p. 4–5).

---

[3]    The Court notes that other circuits have held that the applicable TILA statute of limitations is procedural, and therefore, subject to equitable tolling. *See, e.g., Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504 (3d Cir. 1998); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984); *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998).

3

However, Plaintiff does *not* object to the Magistrate Judge's recommendation that Plaintiff's claims under 42 U.S.C. § 1983 as to Defendants Tankersley, Blevins, and Long be dismissed. After a thorough review of the Report's reasoning and of the record, the Court is inclined to agree with the Magistrate Judge on this point. However, as with Plaintiff's other objections, because Plaintiff seeks to address them with an amended complaint, the Court declines to adopt the Report at this time.

**B.     Plaintiff's Proposed Amendment**

Both as part of her objections (*see* DE 24, p. 1) and separately, Plaintiff moves the Court for leave to amend her complaint. (DE 25.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend" must be "freely give[n] . . . when justice so requires." Indeed, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting another source). Denial based on futility requires that "the proposed amendment [be] clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

In the present posture of this case, there can be no prejudice. Nor is there evidence of bad faith. Further, Plaintiff's proposed amended complaint is not—in its entirety—clearly frivolous on its face. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing legal frivolity); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing factual frivolity). Thus, Plaintiff may amend her complaint. However, **Plaintiff must do so in compliance with the following instructions**:

- Plaintiff must ensure that **all of her claims are presented in a single complaint**, because any omitted claims from the amended pleading may be deemed abandoned. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).

4

- Plaintiff must **clearly and directly state what claims she is asserting and must clearly and directly state against which defendant she asserts them**. Rule 8(a), Fed. R. Civ. P.

- Plaintiff should, to the extent practicable, **assert her claims in separate counts**. Rule 8(d), Fed. R. Civ. P.

- To the extent Plaintiff presses claims against individual persons, **Plaintiff must set forth in what capacity—individual or official—she is suing those persons**.

The Court further cautions Plaintiff that claims of fraud are subject to a heightened pleading requirement. Rule 9, Fed. R. Civ. P(b); *Xia Bi v. McAuliffe*, 927 F.3d 177, 182 (4th Cir. 2019), *as amended* (July 9, 2019) (noting that Rule 9(b) "heightens pleading standards for claims of fraud"). Failure to meet that standard is grounds for dismissal for failure to state a claim. *Id.*

Accordingly, Plaintiff may file an amended complaint in compliance with this order on or before **September 25, 2024**. This case is recommitted to the Magistrate Judge for further proceedings.

## CONCLUSION

For the reasons set forth herein, it is, therefore, **ORDERED** that:

(1)     The Magistrate Judge's Report (DE 22) is rejected because it is moot.

(2)     Plaintiff's "Motion For Leave to File Amended Complaint" (DE 25) is **GRANTED**, with instructions.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 9, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.